[Nos. 19050–4–I; 20447–5–I.   Division One.   May 2, 1988.]

*In the Matter of the Welfare of* M.R., ET AL.

*In the Matter of the Personal Restraint of*
KEVIN D. RANGITSCH, *Petitioner.*

*Dennis Benjamin* of *Washington Appellate Defender Association* and *Preston, Thorgrimson, Ellis & Holman,* by *Scott J. Engelhard,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Lynn Lichtenberg, Assistant; Seth R. Dawson, Prosecuting Attorney,* for respondent State of Washington.

PEKELIS, J.—Kevin D. Rangitsch appeals from orders terminating his parental rights. Rangitsch contends that numerous procedural irregularities occurred in the course of the dependency proceedings which preceded the termination orders. He also contends that the trial court erred in finding that all necessary services reasonably available and capable of correcting his parental deficiencies were offered

or provided, and in refusing to suppress evidence obtained in the course of an unlawful search. In addition, Rangitsch contends that the termination statute is unconstitutional because it rests on a prior finding of dependency by a mere preponderance of the evidence. Rangitsch has also filed a personal restraint petition which has been consolidated with his appeal. We affirm the trial court and dismiss the petition.

# I
## FACTS

Kevin and Nancy Rangitsch were married in January 1979. At that time, Kevin was 17 years old and Nancy was 13 years old. The couple had three children: M, born November 21, 1979; E, born August 12, 1981; and K, born October 17, 1982.

In June 1981, Rangitsch suffered a back injury at work and began taking large doses of pain medication. After receiving a cash settlement in March 1983, he began using cocaine. By April 1983, Rangitsch was shooting cocaine four times a day.

On April 19, 1983, Rangitsch drove through a stop sign, killing five people. He was taken into custody and later released. On April 23, a search warrant was executed at the Rangitsch home. The officers who executed the warrant found cocaine and various drug paraphernalia. They also found the three Rangitsch children in a state of serious neglect. Rangitsch was arrested again and was charged with one count of possession of a controlled substance, as well as five counts of negligent homicide. He has remained in custody throughout these proceedings.

On April 25, 1983, the State filed petitions pursuant to RCW 13.34.040 alleging that the Rangitsch children were dependent within the meaning of RCW 13.34.030(2). The children were taken into custody pursuant to RCW 13.34-.050 and placed in a shelter care facility. At that time, they were examined by a caseworker from the Department of

Social and Health Services (DSHS), who observed that they were extremely thin, undernourished, and withdrawn.

On June 3, 1983, the court entered an agreed order of dependency and a dispositional order for each child. The orders provided that the children should be returned to the custody of their mother, who was required to abide by certain conditions. On June 21, a DSHS caseworker visited the Rangitsch home and determined that Nancy Rangitsch had failed to abide by those conditions. The children were removed from the home again and placed in receiving care.

Rangitsch was convicted of five counts of negligent homicide and one count of possession of a controlled substance. On appeal, this court affirmed the homicide convictions but reversed the drug conviction, finding that there was no probable cause for the search warrant. *State v. Rangitsch*, 40 Wn. App. 771, 780–81, 700 P.2d 382 (1985).

In September 1985, Nancy Rangitsch consented to the termination of her parental rights. On January 18, 1986, the State filed petitions pursuant to RCW 13.34.180 seeking the termination of Kevin Rangitsch's parental rights. On July 28, 1986, after a hearing pursuant to RCW 13.34.110, the court entered termination orders. It is from these orders that Rangitsch appeals.

## II
### PERSONAL RESTRAINT PETITION

We first consider the personal restraint petition Rangitsch has filed asking for relief from the orders terminating his parental rights. A personal restraint petition is an appropriate procedure only where the petitioner is under a "restraint" resulting from the challenged decision. *See* RAP 16.4(a). A "restraint" is defined by RAP 16.4(b) as follows:

A petitioner is under a "restraint" if the petitioner has limited freedom because of a court decision in a civil or criminal proceeding, the petitioner is confined, the petitioner is subject to imminent confinement, or the petitioner is under some other disability resulting from a judgment or sentence in a criminal case.

In this case, Rangitsch is confined and therefore clearly under a "restraint" as defined by RAP 16.4(b). However, his confinement results from his five convictions for negligent homicide, not from the termination orders. While it may be argued that Rangitsch's "freedom" is "limited" by the termination of his parental rights, it is inconceivable that this is the type of "limited freedom" which the rule contemplates. If it were, there would be no limits on the availability of the personal restraint petition since virtually every court decision results in some form of "limited freedom" for the party adversely affected. We conclude that a personal restraint petition cannot be used to challenge an order terminating parental rights, and we dismiss the petition.

The remainder of this opinion has no precedential value. Therefore, it will not be published, but it has been filed for public record. *See* RCW 2.06.040; CAR 14.

SCHOLFIELD, C.J., and COLEMAN, J., concur.

Review denied by Supreme Court September 1, 1988.